UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY CULBERT                                                                              PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:14cv616-CWR-LRA

CHRISTOPHER B. EPPS,
Commissioner                                                                              DEFENDANT

## REPORT AND RECOMMENDATION

This cause is before the undersigned for a report and recommendation as to the Motion to Dismiss [14] filed by Defendant. Plaintiff, a state prisoner in the custody of the Mississippi Department of Corrections, has also filed Motions to Amend [10, 22] his Petition for Writ of Habeas Corpus. The undersigned has considered the proposed amendments in reaching a conclusion with respect to the motion to dismiss. Having considered the record in this matter, the undersigned recommends that the motion to dismiss be granted and the petition be dismissed.

FACTS AND PROCEDURAL HISTORY

On September 10, 1997, pursuant to a guilty plea in the Circuit Court of Warren County, Mississippi, Plaintiff was sentenced to serve a term of six (6) years on a charge of kidnaping a child under the age of ten (10), and to a term of thirty (30) years without parole pursuant to Miss. Code Ann. §47-5-139 on a charge of sexual battery, with the sentences to run consecutively. By the instant petition, Plaintiff is not challenging his plea and sentences. Instead, Plaintiff challenges his sentence computation. Plaintiff claims that Defendant unlawfully took away 2,950 days earned credit against his time to serve. Plaintiff seeks reinstatement of that time, as

1

well as earned time credits for the duration of his imprisonment to date, which would make him eligible for release. [1].

Plaintiff argues that he was awarded the 2,950 days of credit against his sentence, but in 2004, the Mississippi Department of Corrections ("MDOC") removed that earned time from his time sheet. The Mississippi Court of Appeals described the basis for Plaintiff's claim as follows:

> While serving his sentence, Culbert performed several jobs, including working at Mississippi Prison Industries and working as a "trusty," that credited him with earned time. This earned time accrued, eventually giving him credit for almost eight years, which would reduce his sentence to twenty-eight years and two months. However, MDOC removed the earned time from Culbert's sentence.

*Culbert v. Epps*, 120 So.3d 983, 984 (Miss. Ct. App. Dec. 4, 2012), *cert. denied,* Sept. 5, 2013. Defendant argues, contrary to Plaintiff's assertion that time he earned was wrongfully taken, that on September 9, 2004, MDOC merely recalculated Plaintiff's time, discovered he had been earning time in error[1] and corrected the error. Defendant also argues that Plaintiff knew he was not earning time as of September 9, 2004, and therefore, the one year statute of limitations for filing the petition expired on September 9, 2005. Plaintiff did not sign the instant petition until August 6, 2014.[2]

---

[1] A note on Plaintiff's time sheet indicates that he was not eligible to earn time because of the nature of his crime.

[2] Under the "mailbox rule," Plaintiff's petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *See, e.g., Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).

PLAINTIFF'S REQUEST FOR HEARING

Plaintiff has requested an evidentiary hearing with respect to the instant petition. [1]. However, as Defendant correctly argues, a hearing is not warranted in this case. The circumstances under which this Court may grant an evidentiary hearing on a habeas petition are set out in 28 U.S.C. § 2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
> (A) the claim relies on–
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Plaintiff's claims do not meet the foregoing criteria. He has not argued any new rule of constitutional law or presented any new facts. Plaintiff is not entitled to a hearing in this case.

THE MOTION TO DISMISS

Defendant points to 28 U.S.C. § 2244(d) as the basis for his motion to dismiss. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ

>of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Culbert filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. This Act also governs Plaintiff's challenge to the prison's calculation of his release date. *See Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002) (The language of § 2244(d)(1) is also easily applied across-the-board to petitions attacking the prisoner's conviction as well as the calculation of time served.)  Asserting that Culbert's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), Defendant argues that it is untimely. Plaintiff, however, argues that he sought administrative review and state court relief, and therefore the statute of limitations did not begin to run until the Mississippi Supreme Court denied *certiorari*, on September 5, 2013. Plaintiff admits, though,

that he began the administrative remedy process in 2009, and apparently does not deny that he knew the time had been taken off his time sheet in 2004. [18] at 19. Therefore, even if the time his claim was in the administrative stage before he filed his state court action was tolled, he sought relief four years too late.

The petition does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way). The undersigned concludes that Plaintiff has shown no reason he should be excused from meeting the AEDPA deadline. The state court considered and rejected his claim on the merits:

> On June 30,1995, a new bill governing the eligibility for parole and earned time went into effect. 1995 Miss. Laws Ch. 596 (S.B.2175). As provided in that bill, Mississippi Code Annotated section 47-7- 3(1)(g) (Rev.l995) prevented any person convicted after June 30, 1995, from being eligible for parole. Since Culbert committed the crimes on November 16, 1995, and was convicted for them on September 10, 1997, both dates falling after June 30, 1995, he is not entitled to parole for either conviction.

*Culbert*, 120 F.3d at 984-85 (internal footnote omitted). The state court further opined: "Mississippi Code Annotated section 47-5-139(1)(d) (Rev.1995) specifically prohibits any person convicted of a sex crime from receiving an earned-time allowance." *Id.* at 985. The state court noted that since Culbert should never have been credited with the time at issue, nothing was taken from him in violation of his constitutional rights; MDOC merely corrected a clerical error.

5

Plaintiff argues that a law enacted in 2014 would entitle him to the credit, but even under the law as amended July 1, 2014, sex offenders are not entitled to earn time. Miss. Code Ann. § 47-5-138.1. Plaintiff has not presented any new legal or factual basis to support his claim, which he filed too late.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion [14] be granted and the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636.

Respectfully submitted, this the 23rd day of January, 2015.

    /s/ Linda R. Anderson
    UNITED STATES MAGISTRATE JUDGE